Robert Mack v. Commissioner.
Mack v. Commissioner
Docket No. 27625.
United States Tax Court
1951 Tax Ct. Memo LEXIS 132; 10 T.C.M. (CCH) 721; T.C.M. (RIA) 51239; August 20, 1951
*132 Petitioner's evidence fails to establish that his niece and parents were dependents under section 25 (b), I.R.C.
Robert Mack, pro se. Jules I. Whitman, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: Respondent determined a deficiency in income tax for the calendar year 1947 in the amount of $285. The issue is whether petitioner's parents and a niece were dependents within the meaning of section 25 (b) of the Internal Revenue Code. Findings of Fact Petitioner is an individual residing in Philadelphia, Pennsylvania. His income tax return for 1947 (From W-2) was filed with the collector of internal revenue for the first district of Pennsylvania. *133 On his return petitioner reported total wages of $3,522.25, Federal income tax withheld of $144.10, and claimed credits against net income for himself, his wife, and the following alleged dependents: Rose Mack - mother John Mack - father Robert Mack, Jr. - son Foris Jean McCoy - niece During 1947 petitioner's father, mother and niece resided in Alabama. Petitioner's parents were ill and unemployed in 1947. The niece was about seven years of age and lived with petitioner's father and mother. Petitioner's parents had five other living children in 1947. Petitioner had a small savings account in 1947 which did not exceed $150 to $200. He had no checking account. He used money orders to send funds to his parents from time to time for their support and the support of his niece. He had no records showing the aggregate of the money he sent to his parents, no knowledge of whether his niece's parents contributed to her support, and no knowledge of whether any of the other five children contributed to the support of their parents. Petitioner's income for 1947 consisted of his wages, $3,522.25, and $80 leave money from the Navy. He estimated his 1947 contributions for the support *134 of his parents and niece aggregated $1,800. He itemized his own estimated expenses as follows: Estimated
Item
Amount
Transportation to and from work
$ 275.00
Food
1,040.00
Gas
24.00
Telephone
5.00
Rent
430.00
Automobile expense
110.54
Automobile
800.00
Insurance
116.48
Cigarettes
95.00
Whiskey
125.00
Clothing
500.00
Gas and oil expense
200.00
Doctor bills
75.00
Refrigerator
299.50
Breakfast set
99.50
Total estimated expenses
$4,245.02
In determining the deficiency respondent denied petitioner dependency credits for his parents and his niece. Petitioner's parents and niece did not receive over half of their support from petitioner in the taxable year. Opinion This record fails to establish that petitioner was the chief support of his claimed dependents. Petitioner's estimate of his expenditures for his family far exceeds his total income, and if to this is added his estimate of $1,800 sent to his parents and niece for their support, we have a total expenditure of more than $6,000 for the year, out of a total income of a little over $3,600. Even a charitable view that some of his expenditures may have been installment purchases *135 and not cash payments, will not justify a determination that petitioner sent anything like the amount estimated to his claimed dependents. To secure the dependency credit petitioner must establish (1) that he provided over half of the dependent's support; (2) that the dependent had less than $500 income; and (3) that the dependent was a close relative by blood or marriage. All three factors or conditions must be established as to each dependent. Section 25, (b), I.R.C.; section 29.25-3 (b), Reg. 111. A failure to establish any one of them will deprive petitioner of the dependency credit. Here we have no information as to the cost of supporting petitioner's parents and niece, and if we knew the cost of their support, we would still be confronted by a lack of knowledge as to contributions, if any, by the other children, and by the parents of petitioner's niece. Furthermore, we are unable to determine how much petitioner himself contributed to their support. In the absence of such proof we approve respondent's determination. Decision will be entered for the respondent.